■ Carmine N. Pagano, Appellant, v Pasquale J. Malpeso, D.M.D., et al., Respondents. [837 NYS2d 132]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 6, 2006, which, in an action for dental malpractice, granted defendants' motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, unanimously re-

versed, on the law, without costs, the motion denied and the complaint reinstated.

In response to a 90-day demand, plaintiff timely filed a note of issue and certificate of readiness with notes attached stating that plaintiff had timely responded to all of defendants' discovery requests, but that certain disclosure still remained outstanding from defendants, and that plaintiff's newly retained attorney intended to take both defendants' depositions. In support of their motion to dismiss, defendants did not contend that they had any outstanding disclosure demands, but argued that if plaintiff needed more disclosure, he should have moved to extend the 90-day period rather than file a note of issue. Defendants also argued that if the action were allowed to proceed, they would need updated authorizations for treatment plaintiff received since his deposition 2½ years earlier, to be followed by a dental and/or neurological examination. The motion court dismissed the action, finding that "the note of issue is defective because it inaccurately states that the case is ready for trial even though the parties have not conducted the deposition [sic] of defendants or exchanged meaningful disclosure," and that plaintiff failed to show that the action has merit. This was error. The case should not have been dismissed where there were no outstanding discovery requests by defendants, and it appears from defendants' own motion papers that most of the delay that occurred after plaintiff's deposition was due to defendants' failure to timely respond to plaintiff's discovery requests. Under the circumstances, by filing a note of issue indicating that disclosure from defendants was incomplete, plaintiff was risking, at most, a waiver of disclosure to which he might otherwise be entitled, not a dismissal of the action. Concur—Tom, J.P., Saxe, Marlow, Sullivan and Williams, JJ.